# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ANNIE V. BAKER,**

 **Plaintiff,**

**vs.**            **Case No. 4:16cv674-WS/CAS**

**GADSDEN CORRECTIONAL INSTITUTE,**

 **Defendant.**

_____/

## REPORT AND RECOMMENDATION

 Pro se Plaintiff Annie Baker was granted in forma pauperis status, ECF No. 17, and required to submit the assessed initial partial filing fee of 83¢ by March 7, 2017. ECF No. 17. Plaintiff did not comply and a Report and Recommendation was entered to dismiss this case. ECF No. 18.

 Plaintiff then filed a motion requesting an extension of time. ECF No. 19. That motion was granted and the Report and Recommendation was vacated. ECF No. 20. Plaintiff was given additional time in which to submit the assessed initial partial filing fee. *Id.*; *see also* ECF No. 22. As of this date, Plaintiff has not complied.

Notably, at the time Plaintiff's in forma pauperis motion was granted in early February 2017, her trust fund account statement revealed that Plaintiff had spent nearly all of a recent $100.00 deposit made on December 30, 2016, in the canteen.  *See* ECF No. 16.  Plaintiff has been aware since November 2016 that she must submit her inmate account statements to support her in forma pauperis motion, and she might be required to pay a partial fee based on her account statement.  *See* ECF No. 9.  She has had numerous opportunities to submit 83 cents as an initial partial filing fee.  Further extensions of time have not been requested, but they should not be provided either.

The right of access to the courts is a fundamental constitutional right, but access does not have to "be free of charge."  Beck v. Symington, 972 F. Supp. 532, 524 (D. Ariz. 1997).

> A suit not worth $7.20 to an inmate who could pay this fee is unlikely to be worth the time of the courts.  If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy (two of the items that, the record shows, Lumbert has purchased from the prison commissary) than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.

Lumbert v. Illinois Dep't of Corrs., 827 F.2d 257, 260 (7th Cir. 1987) (quoted in Beck, 972 F. Supp. at 535); *see also* Briand v. State of Florida,

No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006) (stating that [i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of judicial time and effort."). Plaintiff must "make the same economic choices otherwise required of unincarcerated litigants" and decide whether to expend her limited funds for litigation or something else. Beck, 972 F. Supp. at 536. Here, after receiving $100.00, Plaintiff spent all but $3.19 in the canteen. ECF No. 16 at 3. It appears that Plaintiff depleted the funds in her account rather than submit a partial filing fee.

Plaintiff was advised that no further action would take place in this case until she paid the initial partial filing fee and filed a second amended complaint. ECF No. 17 at 4. Plaintiff was warned that if she failed to comply, a recommendation would be made to dismiss this case. *Id.* at 6. Accordingly, this case should now be dismissed without prejudice because Plaintiff has failed to comply with court orders and failed to prosecute this case.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.